# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| **RENISHA RAMSEY,**<br>  4694 E 144th Street<br>  Cleveland, OH 44128 | ) CASE NO.<br>)<br>) JUDGE |
| Plaintiff,<br>-vs- | )<br>) **COMPLAINT**<br>) |
| **CITY OF CLEVELAND,**<br>  1200 Ontario Street<br>  Cleveland, OH 44101 | )<br>) Trial by Jury Endorsed Hereon<br>)<br>) |
| and | ) |
| **SPENCER BELLAMY**, individually and in his official capacity as Probation Officer for the City of Cleveland<br>  1200 Ontario Street<br>  Cleveland, OH 44101 | )<br>)<br>)<br>) |
| and | ) |
| **LACORA TURNER**, individually and in her official capacity as Probation Officer for the City of Cleveland<br>  1200 Ontario Street<br>  Cleveland, OH 44101 | )<br>)<br>)<br>) |
| and | ) |

1

| | |
|---|---|
| **OFFICER DENISE RUDOLPH**, individually and in his official Bailiff for the City of Cleveland<br>    1200 Ontario Street<br>    Cleveland, OH 44101 | )<br>)<br>) |
| and | ) |
| | ) |
| **JOHN DOE 1**, individually and in his official capacity as an employee of the City of Cleveland<br>    1200 Ontario Street<br>    Cleveland, OH 44101 | )<br>)<br>) |
| and | ) |
| **JOHN DOE 2**, individually and in his official capacity as an employee of the City of Cleveland<br>    1200 Ontario Street<br>    Cleveland, OH 44101 | )<br>)<br>) |
| and | ) |
| **JOHN DOE 3**, individually and in his official capacity as an employee of the City of Cleveland<br>    1200 Ontario Street<br>    Cleveland, OH 44101 | )<br>)<br>) |
| <u>            Defendants.            </u> | ) |

## INTRODUCTION

1. This is an action by private citizen for injuries arising out of violations of violation of federally protected rights insured under the Fourth and Fourteenth Amendments to the Constitution of the United States. The plaintiff seeks declaratory and injunctive relief and damages.

## CLAIMS AND JURISDICTION

2. This action is initiated pursuant the Civil Rights Act of 1871, 42 U.S.C. § 1983 to redress deprivations under law and privileges and immunities secured to the plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the use of excessive force by the defendants under color of law. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4). To the extent state claims are asserted, plaintiff institutes this action pursuant to 28 U.S.C. §1367 and to the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 220l and 2202. The claim arises out of the City of Cleveland, Ohio within which the plaintiff resided and within which the defendants engaged in the actions set forth below.

3. At all times relevant to this complaint, defendants acted under color of law and under color of the official governmental policy, practice, regulations, customs and usages of official governmental authority.

## PARTIES

4. Plaintiff, RENISHA M. RAMSEY, is a citizen of the United States and a resident of the Cleveland, Ohio.

5. Defendant, THE CITY OF CLEVELAND, is a public entity located in the United States organized under the laws of the State of Ohio as a municipal corporation in Cleveland, Ohio.

6. Defendant, SPENCER BELLAMY, individually and officially, operated under color of state law to deprive plaintiff of rights afforded under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the use of excessive force by the defendant under color of law.

7. Defendant, LACORA TURNER, individually and officially, operated under color of state law to deprive plaintiff of rights afforded under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the use of excessive force by the defendant under color of law.

8. Defendant, DENISE RUDOLPH, individually and officially, operated under color of state law to deprive plaintiff of rights afforded under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the use of excessive force by the defendant under color of law.

9. Defendant, JOHN DOE 1, individually and officially, operated under color of state law to deprive plaintiff of rights afforded under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the use of excessive force by the defendant under color of law.

10. Defendant, JOHN DOE 2, individually and officially, operated under color of state law to deprive plaintiff of rights afforded under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the use of excessive force by the defendant under color of law.

11. Defendant, JOHN DOE 3, individually and officially, operated under color of state law to deprive plaintiff of rights afforded under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the use of excessive force by the defendant under color of law.

## **FACTS OF THE CASE**

12. On May 19, 2014, Plaintiff was found guilty of License Required to Operate, a violation of R.C. 435.01, and Driving Under Suspension/Revocation, a violation of R.C. 4510.11, in Cleveland Municipal Court, in case *State of Ohio/City of Cleveland vs. Renisha Ramsey*, Case no. 2013 TRD 064344.

13. On May 19, 2014, Plaintiff was ordered to perform 30 hours of Community Work Service.

14. On June 26, 2014, judgment was entered indicating that "Community work service completed, fine satisfied, sentence satisfied as to costs."

15. On October 17, 2014, judgement was entered that the "Sentence ordered by this court is satisfied in its entirety."

16. On the same date, judgment was entered that "Sentence ordered by this court is suspended in its entirety."

17. On the same date, judgment was entered that "Probation is hereby ordered terminated."
18. On February 19, 2015, a hearing was scheduled for January 16, 2015, the previous month, which was noted as a "Get on Track Compliance Hearing."
19. On March 5, 2015, judgement was issued that plaintiff had failed to appear and a capias was ordered.
20. On March 6, 2015, a letter was sent to plaintiff regarding the capias for failure to appear.
21. On March 15, 2015, plaintiff contacted Defendant Probation Officer Bellamy about the capias that was issued.
22. Defendant Bellamy instructed plaintiff to come to the 6th floor probation department and he would correct the erroneous capias.
23. On March 19, 2015, plaintiff arrived at the 6th floor of the City of Cleveland and informed Defendant Rudolph that plaintiff was there to see Defendant Bellamy and Defendant Turner.
24. Defendants Bellamy and Turner failed to come to meet plaintiff to resolve erroneous capias as follows.
25. Plaintiff clearly explained the status of her case which could have been easily confirmed by a simple review of the docket.

26. Defendant Rudolph threatened plaintiff by saying "you are about to go to jail."  Defendant Rudolph also said to plaintiff, "you must think this is Burger King."

27. After waiting for approximately one hour, Plaintiff attempted to leave and go to the cafeteria to meet with her family.

28. Defendant Rudolph stated "If you leave, we are going to call a supervisor and going to run your name through the system."

29. Defendant Rudolph then attempted to apprehend Plaintiff and told Plaintiff to "get up" from the bench that Plaintiff was sitting on.

30. Plaintiff asked why she needed to get up and held onto the bench that she was sitting on.

31. Defendant Rudolph stated to Plaintiff "I'm not going to explain my mother fucking self."

32. Defendant Rudolph along with ten other city employees surrounded Plaintiff and took her to the ground.  They struck her in the face and arm.  The city employees and defendant Rudolph restrained Plaintiff by the wrist and placed a knee in her back.

33. Plaintiff was taken to the city jail where she remained in a jail cell for approximately 30 minutes waiting to be processed.

34. Defendant Turner and Defendant Bellamy then learned of the incident and apprehension and retrieved Plaintiff prior to the processing being finalized.

35. Plaintiff was taken to the courtroom of Judge Groves where Judge Groves apologized to Plaintiff for the incident that occurred. (Transcript is attached to complaint as Exhibit 1).

36. Judge Groves cancelled and recalled the capias.

37. The force used by defendants under color of law was clearly unreasonable, unnecessary and excessive.

38. Defendants knew that they employed excessive force with the intention of causing physical and personal injury to the plaintiff.

39. On May 21, 2015, Plaintiff through her counsel requested information related to the assault, pursuant to the Ohio Open Records Law, §149.43 et seq., entitled Freedom of Information Request. (Request is attached to complaint as Exhibit 2).

40. On June 10, 2015, Plaintiff's counsel followed up on the request and sent a second request to Defendant city's representative.

41. On July 2, 2015, July 21, 2015, July 23, 2015, July 30, 2015, August 14, 2015, and August 31, 2015, Plaintiff, through her counsel, contacted Defendant City's representative seeking a status on the request.

42. Defendant City has failed to promptly prepare the public record and to make it available to the person for inspection, pursuant to ORC 149.43(C)(1).

43. As a result of defendants' actions under color of law, plaintiffs suffered and continue to suffer substantial emotional distress.

44. As a result of the acts and conduct of the defendants, plaintiffs suffered and continue to suffer substantial physical pain, emotional distress and fear that defendants will engage in acts and conduct adverse and detrimental to the safety and security of the plaintiffs.

45. As part of defendants' conduct under color of law, plaintiffs' right to be secure under the Fourth and Fourteenth Amendments to the Constitution of the United States from physical harm without cause has been denied.

46. As part of defendants' conduct under color of law, plaintiff's right to be free from assault, battery and infliction of physical and emotional injuries without regard to their color under pendent state law has been denied.

47. The actions of the defendants were intentional, malicious, callous, and deliberate and in wanton and reckless disregard of the rights and feelings of the plaintiffs and otherwise designed to cause physical and emotional injury to the plaintiffs.

WHEREFORE, plaintiff urges this Court to grant the following relief:

A. Declare that the acts and conduct of the defendants in the use of excessive force constitutes violations of the rights of the plaintiffs under the Fourth and Fourteenth Amendments to the Constitution of the United States in contravention of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and which constitute pendent state claims of assault, battery and intentional infliction of emotional distress under state law;

B. Permanently enjoin the defendants, either individually or in concert with others, from

        retaliating against the plaintiffs in the future arising out of the assertion of her rights protected under the Constitution of the United States;

C.     Grant to the plaintiffs and against the defendants appropriate compensatory damages and as to defendants Bellamy, Turner, and Rudolph appropriate punitive and exemplary damages along with costs and statutory reasonable fees as expressly provided by law;

D.     Order the public office or the person responsible for the public record to comply with ORC § 149.43 (B) and award court costs and reasonable attorney's fees for violation thereof;

E.     Grant any additional relief the Court deems just and equitable in order to advance the public interest.

    /s/ Laura Kramer Rubadue
Laura Kramer Rubadue (0067656)
AVERY FRIEDMAN & ASSOCIATES
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114-3358
PHONE (216)-621-9282
FAX (216) 621-9283
avery@lawfriedman.com
laura@lawfriedman.com

*Attorney for Plaintiff*

## TRIAL BY JURY DEMANDED

Plaintiffs hereby demands trial by jury.

    /s/ Laura Kramer Rubadue
LAURA KRAMER RUBADUE